**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**LEONARD GREEN**                                          **PLAINTIFF**

**VS.**                                          **CIVIL ACTION NO. 2:04CV271-SAA**

**HOTEL ASSOCIATES, INC.**                                          **DEFENDANT**

## MEMORANDUM OPINION

Defendant Hotel Associates, Inc., has filed a motion for summary judgment. After fully considering the motion, memoranda and exhibits in support, as well as plaintiff's responsive materials, the court is ready to rule.

FACTS

On August 25, 2001, the plaintiff, Leonard Green, was in the defendant's place of business, Holiday Inn Express in Tunica, Mississippi, staying at the hotel to attend a concert in town. The plaintiff claims he slipped and fell while stepping out of the shower in his bathroom at the hotel. According to the plaintiff, the hotel failed to provide a bath mat. As a result of the fall, he injured his ankle and hip.

The plaintiff filed this action in August 2004, alleging that his injuries were caused by the absence of a bath mat, which created an unreasonably dangerous condition and about which the defendant's employees knew or should have known; according to plaintiff, the absence of a bath mat constituted a breach of legal duty by the defendant to make the premises reasonably safe for its business invitees. The plaintiff seeks damages for his injuries.

On May 10, 2005, the defendant filed this motion for summary judgement and supporting memorandum contending that the plaintiff has failed to establish a *prima facie* case

for negligence and that, as a result, the defendant is entitled to judgment as a matter of law.  The

plaintiff has responded that he has established all necessary elements of his claim and that

because the record contains contradictory evidence, the case cannot be decided pursuant to Rule

56 of the Federal Rules of Civil Procedure, and the defendant's motion should be denied.  The

defendant has filed a response and the motion is now ripe for review.

LAW

On a motion for summary judgment, the movant has the initial burden of showing the

absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 91 L.

Ed. 2d 265, 275 (1986) ("the burden on the moving party may be discharged by 'showing' . . .

that there is an absence of evidence to support the non-moving party's case").  Under Rule 56(e)

of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the

pleadings and by. . . affidavits, or by the 'depositions, answers to interrogatories, and admissions

on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*,

477 U.S. at 324, 91 L.Ed. 2d at 274. That burden is not discharged by "mere allegations or

denials." Fed. R. Civ. P. 56(e).  All legitimate factual inferences must be made in favor of the

non-movant.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 91 L. Ed. 202, 216 (1986).

Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a

showing sufficient to establish the existence of an element essential to a party's case and on

which that party will bear the burden of proof at trial." *Celotex Corp.*,  477 U.S. at 322, 91 L.

Ed. 2d at 273. Before finding that no genuine issue of material fact exists, the court must first be

satisfied that no reasonable trier of fact could find for the non-movant.  *Matsushita Elec. Indus. v.

Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538, 552 (1986).

Summary judgment may be granted only if everything in the record demonstrates that no

genuine issue of material fact exists. Therefore, the district court must not "resolve factual disputes by weighing conflicting evidence . . . since it is the province of the jury to assess the probative value of the evidence." *Cather v. Catheter Technology Corporation*, 753 F. Supp. 634, 637 (S.D. Miss. 1991) (quoting, *Kennett-Murray Corp. v. Boone*, 622 F.2d 887, 892 (5th Cir. 1980)). The court may not grant summary judgment where it merely believes it is unlikely that the opposing party will prevail at trial. *National Screen Service Corp. v. Poster Exchange, Inc.* 305 F. 2d 647, 651 (5th Cir. 1962).

Under Mississippi law, a business owner or operator owes a duty to an invitee to keep its premises in a reasonably safe condition. *Drennan v. Kroger Co.*, 672 So.2d 1168, 1170 (Miss. 1996). Notwithstanding, the owner or occupant is not an insurer against all injuries. *Kroger, Inc. v. Ware,* 512 So.2d 1281, 1282 (Miss. 1987).

Defendant moves for summary judgment on two grounds: (1) the bathroom floor in the plaintiff's hotel room was not unreasonably dangerous as a matter of law; (2) the lack of any bath mat in the plaintiff's room was open and obvious to him, and did not impose any duty to warn on the defendant. Green argues, in response, that the absence of a bath mat in plaintiff's bathroom constituted a negligent act by defendant which equates to a failure to maintain the bathroom in a reasonably safe condition**.** After review of the record in this case, the court concludes that plaintiff has failed to present evidence to warrant a finding that his slip and fall was the result of negligence by the defendant hotel.

Under Mississippi law, however, the absence of a floor mat is not, in itself, proof of negligence. In *Bernard v. 33 Foods, Inc.* 2004 WL 2711113 (Miss. Ct. App. Nov. 30, 2004), the Mississippi Court of Appeals held that "[t]he failure to have mats on the floor is irrelevant to a premises owner's possible negligence unless there is evidence that injury occurred because of

some substance on the floor that mats might have absorbed." *Bernard* 2004 WL 2711113, *2, quoting *Robinson v. Mississippi Valley*, 760 So.2d 41, 43 (Miss. Ct. App. 2000). While a bath mat used for stepping out of the shower is distinguishable from a mat used at the entry of a business, this court does not find the failure to provide a bath mat alone to be a negligent act by the defendant.

In the case at bar, the plaintiff could not himself say conclusively that a bath mat was not provided by defendant.  The plaintiff relies on an accident report completed by an employee of defendant, which includes the statement "no bath mat in the room." *See* plaintiff's exhibit "B." When asked at his deposition, the plaintiff testified that towels were provided in the bathroom, but he could not say how many towels had been provided or whether there had been a towel draped over the side of the bathtub. *See* deposition of Leonard Green p**.** 14.  The plaintiff could only state conclusively that there was no bath mat *on the floor* at the time he stepped out of the shower.

Further, whether a mat was provided but unused by plaintiff or not provided by defendant is mere speculation and not helpful to resolution of this case. Even if the bath mat was not provided by the defendant, an invitee is charged with reasonable use of his senses to keep a lookout for open and obvious conditions in a bathroom. *Brault v. Dunfey Hotel Corp.*, 1988 WL 96814 *9 (E.D. Pa. Sept. 13, 1988). The Mississippi Supreme Court has held that a premises owner does not have a duty to warn of an allegedly dangerous condition if the alleged danger is open and obvious.  *Mayfield v. Hairbender*, 2005 WL 552460, *2 (Miss. March 10, 2005). Further, courts expect guests to possess common-sense knowledge of everyday facts and use the same degree of care and prudence that a person of normal intelligence would exercise under similar circumstances. *Tate v. Southern Jitney Jungle Co.*, 650 So.2d 1347, 1350 (Miss. 1995).

There is no evidence put forth by plaintiff to suggest the area in front of the shower, upon which plaintiff stepped, was unreasonably dangerous, except that a bath mat was not present when plaintiff exited the shower. *See* deposition of Leonard Green, p. 13. In his deposition, plaintiff states the tiles in front of the shower were not distinguishable from the other tiles in the bathroom: "it was just tile." *Id*. Further, there was no puddle of water on the floor at the time plaintiff slipped, and no evidence of any other substance on the floor where plaintiff slipped. *Id*. The plaintiff's testimony is merely a description of the premises, and it is insufficient to prove negligence on the part of defendant. This court is unwilling to find that the absence of a bath mat, by itself, constitutes a prima facie case for negligence. Mississippi premises liability law simply does not place liability on the defendant under the facts of the case at bar. Having found that plaintiff has failed to establish that an unreasonably dangerous condition existed at the time of the plaintiff's fall, the court concludes that the defendant is entitled to judgment as a matter of law.

CONCLUSION

For all the foregoing reasons, the defendant's motion for summary judgment should be granted. An separate judgment shall this day issue accordingly.

THIS, the 25th day of July, 2005

/s/ S. Allan Alexander

_____

S. ALLAN ALEXANDER
U.S. MAGISTRATE JUDGE